■  ALLEN LIFFMAN, Respondent, v MORRIS BOOKE et al., Appellants.— Order, Supreme Court, New York County, entered June 21, 1977, denying defendants' motion to dismiss the amended complaint on the ground that plaintiff's several allegations failed to support his causes of action, unanimously reversed, on the law, with $60 costs and disbursements, payable to appellants and the motion granted with leave to plaintiff to apply at Special Term for leave to replead if he is so advised within 20 days after entry of order hereon and on payment of costs and disbursements of this appeal. The complaint alleges four causes of actions. The first cause of action alleges that the defendants maliciously prosecuted the plaintiff both in the Civil and Criminal Courts. It is clear that *both* malice and want of probable cause, in addition to injury, are necessary in the alleging and proof of an action for malicious prosecution *(Goldstein v Siegel,* 19 AD2d 489; *Duckett v Hofferberth,* 160 App Div 871). With respect to the malicious prosecution of the civil proceedings, plaintiff fails to allege either the nature or the final determination of those proceedings. It is requisite that the prosecution of a civil proceeding must have terminated favorably to the plaintiff and that such prosecution must have involved some damage or injury (see *Burt v Smith,* 181 NY 1; *Hauser v Bartow,* 273 NY 370; *Paul v Fargo,* 84 App Div 9; 36 NY Jur, Malicious Prosecution, §§ 5, 10). With respect to the criminal prosecution, plaintiff alleges the favorable termination of such proceeding, but does not allege want of probable cause. Similarly, the second cause of action for libel and slander is not properly pleaded. First, it is noted that an action for libel is predicated upon a writing or publication. The complaint does not set forth either a copy of the alleged libel or the contents thereof. It does not contain an allegation as to the time of the issuance of the libel and to whom it was published (see *Bennet v Commercial Advertiser Assn.,* 230 NY 125; *Triggs v Sun Print. & Pub. Assn.,* 179 NY 144). Slander is the uttering of defamatory words which tend to injure another in his reputation, office, trade, etc. In such an action the particular words complained of must be set forth in the complaint (CPLR 3016, subd [a]). "Any qualification in the pleading thereof by use of the words 'to the effect', 'substantially', or words of similar import generally renders the complaint defective" *(Gardner v Alexander Rent-A-Car,* 28 AD2d 667). The sole saving aspect of the slander part of this cause is the allegation that defendants stated that plaintiff was a liar and malicious individual. Excepting this allegation, the second cause of action is insufficient. The third cause of action for mental distress and the fourth cause of action for punitive and treble damages rest on the allegations contained in the first and second causes of action and for that reason must be similarly dismissed. Indeed, no separate cause of action exists for

punitive damages which are but an incident of damages *(Callman v Wolf Corp.,* 25 AD2d 506). The same can be said of the claim for mental distress which is merely the consequence of another substantive tort. Concur—Kupferman, J. P., Lupiano, Birns and Lane, JJ.