■ ROBERT GIAIMO et al., Appellants, v LITERARY GUILD et al., Respondents. LITERARY GUILD et al., Defendants and Third-Party Plaintiffs, v CHRISTINE McCABE et al., Third-Party Defendants. — Order, Supreme Court, New York County, entered July 16, 1979, granting the motions of defendants Literary Guild and Doubleday to dismiss plaintiffs' third and fourth causes of action for libel, affirmed, with costs. A photograph of plaintiffs was used by defendants, allegedly without authorization, to illustrate an advertisement for a book entitled "Crazy Love", published in the Literary Guild's Summer 1977 "Selections for Summer" brochure. The text was libelous in that it described the book as the story of a marriage in which the husband goes mad and as "an autobiographical account of marriage and madness." Plaintiffs claim that the accompanying photograph, shown in a frame with shattered glass, clearly implies that they are referred to by the text and thus creates an actionable libel. In order for plaintiffs to be entitled to maintain an action for a defamatory statement, it must appear that they are the persons concerning whom it was made. It must be shown that the publication was "of and concerning" them. It is not necessary that they be named in the publication, if the allusion is apparent. "Where the person defamed is not named in a defamatory publication, it is necessary, if it is to be held actionable as to him, that the language used be such that persons reading it will, in the light of the surrounding circumstances, be able to understand that it refers to the person complaining." (34 NY Jur, Libel and Slander, § 55.) Plaintiffs have been unable to sustain this burden. The article accompanying the photograph in no way implies it is about the plaintiffs, but prominently displays the author's name and clearly states that the book is an autobiographical account of her marriage. The author's name and picture appear on page two of the brochure, accompanying the report of an interview concerning the book, so that it would be unwarranted for the reader to conclude that the article is about the plaintiffs' marriage. Since plaintiffs have not established that the article is "of and concerning" them, they have failed to state a cause of action for libel. Concur — Ross, Bloom and Carro, JJ.

Kupferman, J.P., and Fein, J., dissent in part in a memorandum by Kupferman, J.P., as follows: The plaintiffs-appellants, husband and wife, submitted photographs of themselves for an advertisement for a diamond company. The defendant Cochran, a professional photographer, turned the photographs over to an advertising agency which utilized the photographs in connection with advertising material for a book published by defendant. The book was entitled "Crazy Love". In the advertisement, the plaintiffs' photograph was set in a frame with shattered glass with a description of the book in a pamphlet describing book selections for the members of a book club. The advertisement talked about a young girl who married with high hopes and girlhood dreams a man who was going mad and had bizarre fantasies. It was clear that the plaintiffs' photograph accompanied the text, and the heading over the title "Crazy Love" had the statement "An Autobiographical Account

of Marriage and Madness". The plaintiffs sued for violation of their right of privacy and for libel, and the defamation cause was dismissed, as was a cause of action for punitive damages in connection therewith. Technically, there is no dispute in dismissing the punitive damages count, inasmuch as it does not state a separate cause of action. *(Kallman v Wolf Corp.,* 25 AD2d 506; *Liffman v Booke,* 59 AD2d 687.)* These plaintiffs are not public figures. (See *Time, Inc. v Firestone,* 424 US 448.) Even if they were: " 'While one who is a public figure or is presently newsworthy may be the proper subject of news or informative presentation, the privilege does not extend to commercialization of his personality through a form of treatment distinct from the dissemination of news or information'. *(Gautier v Pro-Football, Inc.,* 304 NY 354, 359)". (See, also, *Reilly v Rapperswill Corp.,* 50 AD2d 342, 345.) The use of their photograph in connection with this story could very well have created an incorrect impression putting the plaintiffs in a false light. (See Presser, Torts [4th ed], pp 812-813, "False Light in the Public Eye", discussed in *Arrington v New York Times,* 78 AD2d 839 [dissent].) (See, also, *Zacchini v Scripps-Howard Broadcasting Co.,* 433 US 562, 573; and A Study of Defamation Litigation, American Bar Foundation Research Journal, vol 1980 Summer, No. 3, p 488.) I would reverse and reinstate the libel cause and a punitive damage cause in connection therewith.