■ WARREN H. GEDDES et al., Respondents, v PRINCESS PROPERTIES INTERNA-TIONAL, LTD., et al., Appellants. — Order, Supreme Court, New York County (Kirschenbaum, J.), entered April 16, 1981 denying defendants' motion to dismiss various causes of action in the second amended complaint, is unanimously modified, on the law, to the extent that the third and fifth causes of action in the second amended complaint are dismissed pursuant to CPLR 3211 (subd [a], par 7) and 3016 (subd [a]), and the order is otherwise affirmed, without costs. The third cause of action purports to state a cause of action for defamation (apparently slander). CPLR 3016 (subd [a]) requires that in an action for libel or slander "the particular words complained of shall be set forth in the complaint". Here the particular words complained of are not set forth in the complaint; instead the statement is made "the remarks made were in substance as follows." "Any qualification in the pleading thereof by use of the words 'to the effect', 'substantially', or words of similar import generally renders the complaint defective." (Gardner v Alexander Rent-A-Car, 28 AD2d 667; accord Liffman v Booke, 59 AD2d 687.) Further, the time, manner and persons to whom the publication was made should be alleged. (Seltzer v Fields, 20 AD2d 60, 64; Liffman v Booke, supra.) The fifth cause of action is by the wife of the person allegedly defamed and seeks damages for her own mental anguish and suffering by reason of the defamation, and for loss of services of her husband by reason thereof. A spouse of a defamed person does not have a cause of action for her own mental anguish and suffering. The claim for loss of services being derivative of the claim of the defamed person as alleged in the third cause of action falls with that cause of action. The objection to the second cause of action is the Statute of Frauds. Although it is true that an earlier

complaint alleged that the contract sued on was oral, the present complaint makes no such allegation. But in any event, the applicable Statute of Frauds provides as to the requirement of a writing: "Agreements required to be in writing a. Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent" (General Obligations Law, § 5-701). Thus, even if the agreement itself is not in writing, the statute would be satisfied if "some note or memorandum thereof be in writing". There is no allegation that no such note or memorandum exists. The Statute of Frauds is of course an affirmative defense to be pleaded and proved by the defendants. The first cause of action rests on a written company "Procedure" with respect to discretionary Christmas bonuses. On the present record we are not prepared to say that under this written procedure the company could pay Christmas bonuses to some employees but not all. Concur — Murphy, P. J., Kupferman, Carro, Silverman and Asch, JJ.