BARBARA P. ANDERSON et al., Respondents, v WHEC-TV et al., Appellants, et al., Defendants. (Appeal No. 1.) — Order unanimously modified and, as modified, affirmed, without costs, in accordance with same memorandum as in *Anderson v WHEC-TV* (Appeal No. 2) (92 AD2d 747). (Appeal from order of Supreme Court, Monroe County, Siracuse, J. — dismiss affirmative defense.) Present — Hancock, Jr., J. P., Doerr, Denman, Boomer and Schnepp, JJ.

BARBARA P. ANDERSON et al., Respondents, v WHEC-TV et al., Respondents, and RONALD STORM et al., Appellants. (Appeal No. 2.) — Order unanimously reversed, with costs, appellants' cross motion granted and complaint and cross claims dismissed, in accordance with the following memorandum: Plaintiffs Anderson and Brenon commenced this action seeking actual and punitive damages against the named media defendants, the Humane Society of Rochester and Monroe County, and its chief investigator, Ronald Storm, for an incident in which two cameramen employed by WROC-TV and WOKR-TV entered plaintiffs' residence and filmed Storm's removal of a number of allegedly neglected animals under authority of a search warrant. The complaint recites causes of action for trespass against the media defendants; for breach of duty by Storm, as a peace officer, in failing to prevent the trespass by the media defendants; and for abuse of process by Storm for unlawfully searching through closed boxes containing personal property belonging to plaintiffs. Special Term granted plaintiffs' motion for summary judgment dismissing the first affirmative defense raised by several of the media defendants, Storm and the Humane Society, alleging that any damages awarded should be diminished in proportion to plaintiffs' culpable conduct. Additionally, Special Term denied the cross motion of Storm and the Humane Society for summary judgment dismissing plaintiffs' complaint and the cross claims of the media defendants for indemnity and/or contribution. These appeals ensued. The affirmative defense asserting plaintiffs' culpable conduct was properly dismissed. Plaintiffs' causes of action against the media defendants are based on trespass, an intentional tort to which plaintiffs' conduct is not a defense (61 NY Jur, Trespass, § 28; Prosser, Torts [4th ed], § 13, p 63).

However, Special Term's order is modified so as to strike from plaintiffs' complaint those causes of action seeking exemplary damages. There is no separate cause of action for punitive damages (*APS Food Systems v Ward Foods,* 70 AD2d 483; *Edison v Viva Int.,* 70 AD2d 379), and, since punitive damages are but an incident of ordinary damages (*Liffman v Booke,* 59 AD2d 687), it is sufficient that plaintiffs have included a demand for exemplary damages in their prayer for relief. Additionally, summary judgment should have been granted dismissing the complaint and cross claims against defendants Storm and the Humane Society. There is no dispute that Storm and the other Humane Society employees entered plaintiffs' home under authority of a valid search warrant issued pursuant to section 353 of the Agriculture and Markets Law. Plaintiffs' claim against Storm for abuse of process alleges that Storm, while in the process of executing the search warrant, unlawfully searched through closed boxes containing plaintiffs' personal property. The only evidence to support that allegation is Brenon's testimony at an examination before trial that a neighbor saw Storm "going through the boxes and dumping them." Such statement is merely hearsay and insufficient to counteract Storm's own testimony that he did not look inside the boxes. "A party opposing a motion for summary judgment must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact. Bare conclusions or unsubstantiated allegations are insufficient (see *Zuckerman v City of New York,* 49 NY2d 557, 562). Further, the existence of a factual issue cannot be established on the hearsay information of one with no personal knowledge of the facts (*Zuckerman v City of New York, supra*)" (*Eddy v Tops Friendly Markets,* 91 AD2d 1203). Even assuming the allegations are true, Storm was expressly authorized under the warrant "to search for and seize * * * [a]ny animal found to be in a confined, crowded, or unhealthy condition". Storm would thus have been within the authority conferred by the warrant if he had examined the contents of closed boxes on the premises. Since there is evidentiary proof establishing that Storm was acting pursuant to a valid search warrant in his search of plaintiffs' premises, and plaintiffs have failed to meet their burden of demonstrating the existence of facts sufficient to require a trial on this issue, Storm and the Humane Society are entitled to summary judgment dismissing the first cause of action against them for abuse of process (see *Goldstein v County of Monroe,* 77 AD2d 232). Plaintiffs' second cause of action for punitive damages must also be dismissed for reasons discussed, *supra*. With respect to the third cause of action against Storm, there is no authority for the premise that a peace officer executing a search warrant has a duty to prevent the unlawful entry of trespassers. Similarly, plaintiffs' attempt to hold Storm liable as a cotrespasser is unavailing. Such theory is neither alleged in plaintiffs' complaint nor supported in the record. At examinations before trial both photographers who entered plaintiffs' residence testified that they had not obtained permission to do so. Further, Storm testified that he informed the media defendants that he had no authority to permit them to enter. Thus nothing in the record indicates that Storm caused the trespass by the media defendants so as to render him liable as a cotrespasser (see Prosser, Torts [4th ed], § 13, p 73) and that cause of action must be dismissed. Since we conclude that there is no evidence of any wrongdoing by Storm in his investigation into the complaint against plaintiffs, plaintiffs' derivative claim against the Humane Society must be dismissed (see 37 NY Jur, Master and Servant, § 152) as well as the cross claims filed against Storm and the Humane Society by the media defendants for indemnity and/or contribution. (Appeal from order of Supreme Court, Monroe County, Siracuse, J. — dismiss affirmative defense.) Present — Hancock, Jr., J.P., Doerr, Denman, Boomer and Schnepp, JJ.