■ PHILIP TIRANNO, Respondent-Appellant, v SEARS, ROEBUCK & COMPANY et al., Appellants-Respondents. — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Plaintiff was discharged from his position as parts manager for defendant Sears after it decided that he was responsible for alleged inventory shortages. He then commenced this action alleging breach of written and oral employment contracts, defamation, prima facie tort and conspiracy. Defendants' motion for summary judgment was granted as to the prima facie tort and conspiracy causes of action but was otherwise denied. Special Term should have granted defendants summary judgment on plaintiff's claim for breach of an oral employment contract. The employment application that the plaintiff completed when hired by Sears stated immediately above his signature, "[M]y employment and compensation can be terminated, with or without cause * * * I understand that no store manager or representative of Sears, Roebuck and Co., other than the president or vice-president of the Company, has any authority to enter into any agreement * * * contrary to the foregoing." This provision expressly prohibits plaintiff's oral contract claim (*Novosel v Sears, Roebuck & Co.,* 495 F Supp 344). The order should be affirmed, however, insofar as it denied summary judgment on plaintiff's claim for breach of a written employment contract (see *Weiner v McGraw-Hill, Inc.,* 57 NY2d 458). Subdivision b of section 2301 of Sears' personnel manual qualifies employee terminations by providing that "[t]he Company may terminate an individual's employment at any time that his/her work * * * does not measure up to Company standards". This language is susceptible to being interpreted as requiring "just cause" since it indicates objectivity in employee evaluation and termination. Accordingly, a triable issue of fact exists concerning whether the jury could find, based on the "totality of circumstances", that good cause was required for plaintiff's termination and, if so, whether such good cause existed (*Weiner v McGraw-Hill, Inc.,* 57 NY2d 458, *supra;* see, also, *Murphy v American Home Prods. Corp.,* 58 NY2d 293). Special Term also erred in failing in grant summary judgment to defendant Daly on plaintiff's defamation cause of action since no triable issue of fact was raised as to whether his statements were made outside his qualified privilege (*Stillman v Ford,* 22 NY2d 48; *Shapiro v Health Ins. Plan,* 7 NY2d 56). We have reviewed the parties' other contentions and find them without merit. (Appeals from order of Supreme Court, Erie County, Mintz, J. — summary judgment.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Moule, JJ.