■ PETER PAPPALARDO, Respondent, v STATE OF NEW YORK, Appellant, et al., Defendants. (Claim No. 66814.) — In a claim to recover damages for slander, the State of New York appeals from an order of the Court of Claims (Lengyel, J.), dated May 9, 1984, which denied its motion to dismiss the claim as to it and granted claimant leave to serve an amended claim.

Order reversed, on the law, with costs, appellant's motion granted, and claim dismissed as to it.

On July 25, 1980, claimant herein filed a notice of intention to file a claim alleging that he was slandered on June 28, 1980. The claim itself was not filed until June 25, 1982, and it was therefore barred by the Statute of Limitations (CPLR 215 [3]; *Trayer v State of New York,* 90 AD2d 263, 268). The Court of Claims treated claimant's notice of intention to file a claim as a claim. However, the notice of intention should not have been so treated because the particular words complained of were not set forth therein and, therefore, that notice did not set forth a cause of action (CPLR 3016 [a]; *Kahn v Friedlander,* 90 AD2d 868, 869; *Kilbourne v State of New York,* 111 Misc 2d 161, 166). Mangano, J. P., Gibbons, Brown and Lawrence, JJ., concur.

■ ROCKLAND COUNTY PATROLMEN'S BENEVOLENT ASSOCIATION, INC., Appellant, v TOWN OF HAVERSTRAW, Respondent. — In a proceeding pursuant to CPLR article 75 petitioner appeals from a judgment of the Supreme Court, Rockland County (Marbach, J.), dated August 15, 1983, which denied its application to vacate and set aside an award in arbitration and remitted the matter to the arbitrator to determine the amount of sick leave, vacation and personal leave due petitioner.

Judgment affirmed, with costs.

Petitioner has failed to establish that the arbitrator's award was irrational. Therefore, the award should not be set aside (*Matter of Local Div. 1179 [Green Bus Lines],* 50 NY2d 1007). Lazer, J. P., Gibbons, Thompson and Niehoff, JJ., concur.

