OPINION OF THE COURT
Harold Hyman, J.
This is a motion by defendants pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action. The complaint in this action was served on or about April 4, 1985. At the time this motion was made, issue had not yet been joined.
The complaint alleges six causes of action and the facts as alleged therein are as follows: Plaintiff began her employment as office manager and bookkeeper with Skulls Angels Inc., in August 1975. In November 1979, defendant Mario P. Maggio, President of Communicar, Ltd., the successor corporation of Skulls Angels Inc., became plaintiff’s supervisor.
Sometime in September 1982, Gail Nevins was hired by Skulls as a telephone operator and was thereafter transferred to the position of clerical trainee with defendant Communicar *346 and was put under the supervision of the plaintiff. In November 1983, Mr. Maggio began having "a close personal relationship” with Ms. Nevins, which allegedly continues to the present time.
Plaintiff, in her capacity as office manager, indicated to Mr. Maggio on numerous occasions that Ms. Nevins was not satisfactorily performing her job responsibilities and that she was unwilling or unable to perform her duties. Despite her unsatisfactory performance, Ms. Nevins was given a substantial bonus in 1983, in excess of that received by other employees. In January 1984, Ms. Nevins was promoted to the position of president’s assistant/secretary and was thereafter no longer under the supervision of the plaintiff. Mr. Maggio provided benefits to Ms. Nevins, which benefits were not given to any other employees, such as the summer off, unwarranted salary increases and excessive bonuses. As a result of her criticism of Ms. Nevins, plaintiff’s employment with Communicar was ultimately terminated by Mr. Maggio on or about March 8, 1984.
After plaintiff’s dismissal, Ms. Nevins replaced plaintiff as the office manager and Mr. Maggio barred plaintiff from the corporate premises and instructed all employees that they would be discharged if they spoke to the plaintiff. In addition, Mr. Maggio on numerous occasions broadcast over the Communicar radio to its drivers that plaintiff was crazy.
Based upon the above allegations, plaintiff claims in her first cause of action that she has been a victim of sex discrimination in violation of the New York Executive Law § 290 et seq. Plaintiff’s second cause of action claims abusive and wrongful discharge. In the third cause of action, plaintiff alleges that defendants’ actions constituted a prima facie tort in that they were performed willfully and with intention to injure and, as a result of which, plaintiff lost her means of support. In her fourth cause of action, it is alleged that as a result of defendants’ actions plaintiff suffered mental anguish, pain and suffering, humiliation and loss of self-respect in the business community. The fifth cause of action alleges that defendants’ acts constituted willful infliction of emotional distress. In the sixth cause of action, plaintiff alleges that Mr. Maggio has taken steps to prevent the plaintiff from selling either or both of her limousine radios and, thus, is liable for intentional interference with plaintiff’s right to contract
On a motion to dismiss for insufficiency, the allegations set *347 forth in the complaint must be assumed to be true and construed in the light most favorable to the plaintiff by giving her the benefit of all favorable inferences which can be drawn in the pleading. (Underpinning & Found. Constructors v Chase Manhattan Bank, 46 NY2d 459, 462; Shayne v Julien, Schlesinger & Finz, 110 AD2d 761.)
A cause of action arising out of sexual discrimination is recognized in both the Federal and State court systems. The cause of action as alleged in the State courts is based on violations of Executive Law § 296 while the Federal court actions are based on violations of the Civil Rights Act of 1964 title VII (42 USC § 2000e et seq.). The Executive Law makes it an unlawful discriminatory practice for an employer "because of the * * * sex * * * of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.” (Executive Law § 296 [1] [a].) This language is almost identical to that contained in the Federal prohibition against sexual discrimination as provided for in the Civil Rights Act of 1964 title VII (42 USC § 2000e-2 [a] [1]).
The type of sexual discrimination alleged to have occurred in this case, however, is not of the usual type in that plaintiff herself is not claiming that she has been the target of sexual propositions or similar suggestive behavior or abuse. Rather, she is alleging that she was denied favorable benefits, terms and conditions of employment because of her supervisor’s favoring of another employee, Ms. Nevins, with whom he was having a sexual relationship.
The Equal Employment Opportunity Commission’s Guidelines on Discrimination Because of Sex, promulgated in 1980, refers specifically to this type of situation as being in violation of Civil Rights Act of 1964 title VII: "Where employment opportunities or benefits are granted because of an individual’s submission to the employer’s sexual advances or requests for sexual favors, the employer may be held liable for unlawful sex discrimination against other persons who were qualified for but denied that employment opportunity or benefit.” (29 CFR 1604.11 [g].)
Although this court has found no other reported New York case in which a similar type fact pattern has been described, there are two cases within the Federal court system which appear to be analogous.
*348 In Toscano v Nimmo (570 F Supp 1197) the court found that there had been a violation of the Civil Rights Act of 1964 title VII, where the plaintiffs application for an employment position was denied and the person who was chosen for the position had been granting sexual favors to the supervisor. In King v Palmer (598 F Supp 65) an action for sexual discrimination was found to exist where it was claimed by the plaintiff that a promotion went to a less qualified nurse because that nurse had a sexual relationship with the doctor who promoted her.
Based on the guidelines promulgated by the Equal Employment Opportunity Commission and the rationale set forth in the cases of Toscano v Nimmo (supra) and King v Palmer (supra), the court finds that the plaintiffs first cause of action alleging sexual discrimination as against Mr. Maggio must be sustained. The court, however, finds that the pleading should be more specific. Although the language of the complaint does not specifically state that Mr. Maggio and Ms. Nevins were having a sexual relationship, according to the plaintiff the term "close personal relationship” was meant to convey that fact and, in the affidavit submitted by plaintiff, it is specifically alleged upon information and belief that the relationship was sexual in nature. Plaintiff is therefore directed to amend her pleadings so as to specify, without using euphemisms, the exact nature of her claim.
Although the Guidelines of the Equal Employment Opportunity Commission recommend and the Federal courts have imposed strict liability on employers for sexual discrimination even without proof of actual or constructive notice of the supervisor’s wrongful conduct (29 CFR 1604.11 [c]; Horn v Duke Homes, 755 F2d 599; Vinson v Taylor, 753 F2d 141; Miller v Bank of Am., 600 F2d 211; Lipsig, Tort Trends, NYLJ, Oct. 25, 1985, p 1, col 1, p 18, cols 5, 6), in the courts of this State the doctrine of strict liability has not been accepted in cases involving sexual discrimination. (See, Hart v Sullivan, 84 AD2d 865, affd 55 NY2d 1011; Matter of State Univ. v State Human Rights Appeal Bd., 81 AD2d 688, affd 55 NY2d 896; see also, Matter of Totem Taxi v New York State Human Rights Appeal Bd., 65 NY2d 300.) On the contrary, it has been held that there is an affirmative burden to plead and prove that the employer either had knowledge or acquiesced in the discriminatory conduct of a supervisor or co-worker. (Hart v Sullivan, supra; Matter of State Univ. v State Human Rights Appeal Bd., supra.)
*349 At bar, while it is not specifically pleaded that the defendant corporate employer had knowledge or acquiesced in the discriminatory conduct alleged, inasmuch as Mr. Maggio is alleged to be the President of Communicar and was acting in that capacity, his knowledge must be considered imputed to the corporation. Therefore, the branch of the defendants’ motion to dismiss the action against the corporate defendants is also denied.
Since it is not alleged that plaintiff had an express employment contract with the corporate defendants, and there is no statutory or common-law action in New York State for abusive or wrongful discharge of an at-will employee (Murphy v American Home Prods. Corp., 58 NY2d 293), the branch of the motion to dismiss the second cause of action is granted.
The branch of the motion to dismiss the third cause of action is granted. Plaintiff may not bootstrap herself around a motion addressed to the pleadings by merely alleging that the sole reason for her dismissal was to intentionally harm her. (Murphy v American Home Prods. Corp., supra; James v Board of Educ., 37 NY2d 891.) Moreover, the pleading is deficient in that it fails to allege special damages, an essential element of the cause of action for prima facie tort. (ATI, Inc. v Ruder & Finn, 42 NY2d 454.)
The branch of the motion to dismiss the fifth cause of action is granted. Plaintiff will not be permitted to subvert the finding that no cause of action exists for wrongful discharge of an at-will employee by designating her cause of action in terms of the tort of intentional infliction of emotional distress. (Murphy v American Home Prods. Corp., supra.)
The motion to dismiss the fourth cause of action for defamation is granted. A plaintiff who seeks to recover for slander must plead special damages unless the language complained of is actionable per se. (43 NY Jur 2d, Defamation and Privacy, § 3, at 501.) In this case, since the facts alleged do not make out a cause of action for slander per se, and special damages have not been pleaded, the pleading is deficient. A general allegation of a dollar amount in round figures pleaded as special damages does not satisfy the requirement. (Drug Research Corp. v Curtis Pub. Co., 7 NY2d 435, 441; Matherson v Marchello, 100 AD2d 233.) The pleading is further deficient in that it fails to set forth the particular words of slander and the time, manner and persons to whom the publication was made. (See, CPLR 3016 [a]; Geddes v Princess Props. Intl., 88 AD2d 835; Seltzer v Fields, 20 AD2d 60.)
*350 The branch of the defendants’ motion to dismiss the sixth cause of action is also granted. A cause of action for tortious interference with the performance of a contract requires the existence of a valid contract between plaintiff and a third party, the defendant’s knowledge of that contract and intentional interference with the performance of that contract by the third party without justification. (S & S Hotel Ventures Ltd. Partnership v 777 S.H. Corp., 108 AD2d 351; Bryce v Wilde, 39 AD2d 291, affd 31 NY2d 882.) In this case, the plaintiff has failed to allege any of the above requisite elements of the cause of action.
Accordingly, the defendants’ motion to dismiss is granted with respect to all but the first cause of action. The court in its discretion will not treat this motion as one for summary judgment as requested by the defendants in their reply papers.