■ DENNIS COLLINS, Appellant, v HOSELTON DATSUN, INC., et al., Respondents.—Order unanimously modified, on the law, and, as modified, affirmed, with costs to plaintiff, in accordance with the following memorandum: Plaintiff was employed as defendants' used car manager from May 1982 until he was discharged, effective December 1, 1984. There was no written contract of employment but, when hired, plaintiff was given a handbook which, under the heading "Job Security", provided: "You are * * * assured of steady employment as long as you are performing well. We expect from each employee his untiring effort toward the fulfillment of our business objectives."

Plaintiff's complaint asserts two causes of action. The first alleges that the cited handbook provision constitutes a contractual commitment barring termination of plaintiff's employment except for cause; the second asserts that plaintiff, having worked for 11 months of 1984, is contractually entitled to a 1984 year-end bonus. Summary judgment was properly granted to defendants on plaintiff's first cause of action, but erroneously granted as to the second.

It is well settled that unless an employment is for a specified period, it is presumed to be an employment at will, and that, "absent a constitutionally impermissible purpose, a statutory proscription, or an express limitation in the individual contract of employment, an employer's right at any time to terminate an employment at will remains unimpaired" (Murphy v American Home Prods. Corp., 58 NY2d 293, 305). The issue presented here is whether the "Job Security" provision of the handbook constitutes "an express limitation on the employer's right of discharge" (supra, at p 305; Weiner v McGraw-Hill Inc., 57 NY2d 458), or, put differently, whether the language contains "an express commitment * * * that the employee will not be terminated in the absence of just cause" (Sabetay v Sterling Drug, 114 AD2d 6, 9).

Since plaintiff's employment was not for a specified duration, he was an at-will employee. The handbook language relied upon by plaintiff does not expressly address the subject of termination, nor is its language "susceptible to being interpreted as requiring 'just cause' " for termination (Tiranno v Sears, Roebuck & Co., 99 AD2d 675). Moreover, the "totality of the circumstances" attendant upon the employment relationship does not compel a finding that there was any alteration of plaintiff's at-will employment (Weiner v McGraw-Hill Inc., 57 NY2d 458, supra). Thus viewed, plaintiff's first cause of action was properly dismissed.

There are, however, factual issues to be resolved at trial on plaintiff's second cause of action. He alleges that the yearly bonus was promised as part of the compensation package in connection with his employment. Defendants allege that the bonus was wholly discretionary or, in the alternative, that it was a bonus payable only to those employed as of December 31, 1984. On this record, the terms of the compensation package regarding the bonus cannot be determined as a matter of law. The matter must be tried in order to resolve the nature of the employment agreement and the intent of the parties as to the yearly bonus.

Finally, since the compensation issue arises as part of the employment agreement, plaintiff's claim to the bonus is not barred by the Statute of Frauds. The employment agreement, whether terminable at will or for cause, is not one which "by its terms" could not be performed within one year *(Weiner v McGraw-Hill Inc.,* 57 NY2d 458, *supra).* (Appeal from order of Supreme Court, Monroe County, Finnerty, J.—summary judgment.) Present—Dillon, P. J., Callahan, Denman, Pine and Balio, JJ.