■ Kathryn Battaglia, Respondent, v Sisters of Charity Hospital, Appellant.

Memorandum: Special Term erred in denying defendant's motion for summary judgment dismissing plaintiff's first cause of action. The personnel manual in this case cannot be interpreted to limit defendant's power to terminate an at-will employee in light of the language of the manual that it is not a contract, that it may be modified, amended or supplemented, and that the hospital retains the right to make all necessary management decisions for the delivery of patient care services and the selection, direction, compensation and retention of employees *(see, Collins v Hoselton Datsun,* 120 AD2d 952; *cf. Weiner v McGraw-Hill, Inc.,* 57 NY2d 458; *Tiranno v Sears, Roebuck & Co.,* 99 AD2d 675). (Appeal from order of Supreme Court, Erie County, Broughton, J.—dismiss complaint.) Present—Denman, J. P., Boomer, Green, Pine and Balio, JJ.

■ M. J. Peterson Company et al., Appellants, v State of New York, Respondent. (Claim No. 64949.

Present—Denman, J. P., Boomer, Green, Pine and Balio, JJ.

■ Michael J. Britt et al., Respondents, v Zoning Board of Appeals of the Town of Grand Island et al., Appellants.

Memorandum: We add only that, inasmuch as respondent has no authority over construction on navigable waters of the State, it is anomalous to order it to issue a building permit. (Appeal from judgment of Supreme Court, Erie County, Doyle, J.—art 78.) Present—Denman, J. P., Boomer, Green, Pine and Balio, JJ.