■ LORETTA BUFFOLINO, Respondent, v LONG ISLAND SAVINGS BANK, Appellant.—In an action to recover damages, *inter alia,* for breach of an employment contract, the defendant appeals from an order of the Supreme Court, Kings County (Scholnick, J.), dated December 13, 1985, which denied its motion to dismiss the complaint for failure to state a cause of action.

Ordered that the order is reversed, on the law, without costs

or disbursements, the motion is granted, and the complaint is dismissed.

Following the discovery of a sizable cash shortage at the branch of the defendant bank in which the plaintiff worked, all branch employees, including the plaintiff, were required to undergo polygraphic examinations pursuant to an investigation. After failing two of these tests, the plaintiff was discharged from the defendant's employ. She thereupon commenced the instant action, seeking to recover damages under various legal theories in four causes of action. The defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) was summarily denied by Special Term. We now reverse.

The complaint fails to state a cause of action for breach of the plaintiff's employment contract. The record clearly indicates that the plaintiff was at all times an "at will" employee of the defendant for she was hired for an indefinite period and her employment was not subject to the terms of any contract or collective bargaining agreement. As such, the defendant was free to terminate her employment at any time and for any reason or for no reason (see, O'Connor v Eastman Kodak Co., 65 NY2d 724, rearg denied 65 NY2d 1054; Murphy v American Home Prods. Corp., 58 NY2d 293). We find unpersuasive the plaintiff's argument that the above rule is inapplicable to her because certain provisions in the defendant's employment manual suggest that she could only be dismissed for just cause. Those portions of said manual annexed to the plaintiff's papers do not contain such provisions; hence, this case is entirely distinguishable from the decision in Weiner v McGraw-Hill, Inc. (57 NY2d 458), upon which the plaintiff mistakenly relies. In that case, an employee was permitted to maintain a claim against his employer for breach of a specific provision in a personnel handbook (to which his employment was made subject) which stated that employee dismissal would only occur for just and sufficient cause. Since no similar facts are present in the instant case, the plaintiff's contractual claim must be dismissed (see, O'Connor v Eastman Kodak Co., supra; Murphy v American Home Prods. Corp., supra; Sabetay v Sterling Drug, 114 AD2d 6).

The plaintiff also asserted a claim for intentional infliction of emotional distress, alleging that she suffered serious psychological and emotional harm as a result of being "forced" by the defendant to submit to two polygraph examinations. Special Term also erred in failing to dismiss this claim, for the complaint, when viewed in the light most favorable to the plaintiff (see, e.g., Arrington v New York Times Co., 55 NY2d

443, *cert denied* 459 US 1146) does not allege facts which illustrate extreme, outrageous or atrocious conduct on the part of the defendant's agents. Similarly, the plaintiff cannot evade or subvert the aforementioned "at will" contract rule by recasting her claim in terms of a tortious infliction of emotional distress by the defendant *(see, Murphy v American Home Prods. Corp., supra,* at p 303).

Likewise, the employment discrimination claim should also have been dismissed for failure to state a cause of action. The plaintiff's contention that she was discharged because she suffers from a "disability" (i.e., an alleged nervous condition) is entirely unfounded and clearly conflicts with her repeated acknowledgements that her dismissal was the result of an inability to pass two polygraphic examinations. Indeed, there is neither an allegation in the complaint nor any factual averment in the plaintiff's affidavit which supports her present claim that her discharge was the product of the purported discriminatory practices of the defendant's agents. Additionally, there is no judicial or statutory authority to support the plaintiff's contention that her vague "nervous condition" falls within the definition of the term "disability" as found in Executive Law § 292.

Finally, the complaint fails to state a cause of action for defamation. The plaintiff vaguely alleges that her discharge after failing two "lie detector" tests "foreseeably suggest[ed] and impl[ied]" to others that she was guilty of committing a theft at her workplace. These allegations, premised upon speculation and conjecture, wholly fail to comply with the specificity requirements for pleading a cause of action in defamation *(see,* CPLR 3016 [a]), as they do not describe the nature of any alleged defamatory statement *(see, Pappalardo v State of New York,* 109 AD2d 873; *Kahn v Friedlander,* 90 AD2d 868; *Schwartz v Andrews,* 50 AD2d 1057) nor do they provide the time, place and manner of the purported defamation *(see, Geddes v Princess Props. Intl.,* 88 AD2d 835). Insofar as the plaintiff claims that a letter of reference sent by the defendant to a prospective employer of the plaintiff was defamatory, we note that the contents of said letter can in no reasonable manner be construed as impugning her character or reputation. The letter merely provides the dates of the plaintiff's employment and states that it is the defendant's policy to provide no other information to potential employers. Moreover, the letter specifically advises the reader that "[the] failure to comment on an individual's character does not reflect on the individual". We further note that even if said

letter could be construed as being defamatory, there is no allegation that its qualifiedly privileged contents were the product of actual malice on the part of the defendant's agents (see, generally, Shapiro v Health Ins. Plan, 7 NY2d 56; Mock v LaGuardia Hospital-Hip Hosp., 117 AD2d 721; Berger v Gilbert, 65 AD2d 882, lv denied 47 NY2d 709; De Sapio v Kohlmeyer, 52 AD2d 780). Thompson, J. P., Neihoff, Eiber and Spatt, JJ., concur.