■ LAWRENCE H. GRYNBERG, Appellant, v ALEXANDER'S, INC., Respondent.—In an action, *inter alia,* to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Kings County (Hurowitz, J.), dated March 21, 1986, which granted the defendant's motion to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff was fired as a temporary at-will employee of the defendant for failing a polygraph test. Although unable to sue to recover damages for wrongful discharge as an at-will employee *(see, Murphy v American Home Prods. Corp.,* 58 NY2d 293), the plaintiff nevertheless seeks to recover damages

for injury to his reputation and career prospects on a defamation theory. His complaint was properly dismissed inasmuch as it wholly failed to comply with the specificity requirements for pleading a cause of action sounding in defamation (CPLR 3016 [a]). Specifically, the complaint failed to allege the particular words complained of or to provide the time, place and manner of the purported defamatory statement *(see, Buffolino v Long Is. Sav. Bank,* 126 AD2d 508, 510; *Geddes v Princess Props. Intl.,* 88 AD2d 835). Nor was there any evidence that an allegedly defamatory statement was disseminated to any prospective employers. Insofar as the reason for the plaintiff's discharge was only communicated between certain of the defendant's employees, and there were no allegations that the privileged content of the communication was the product of actual malice on the part of the defendant's employees, the complaint failed to state a cause of action to recover damages for defamation *(see, Buffolino v Long Is. Sav. Bank, supra,* at 511). Thompson, J. P., Weinstein, Rubin and Harwood, JJ., concur.