■ TIMOTHY C. ROCK, Appellant, v SEAR-BROWN ASSOCIATES, P. C., Respondent.—Order unanimously affirmed, without costs. Memorandum: Special Term properly dismissed plain-

tiff's causes of action for wrongful discharge, conversion and punitive damages. The court correctly determined that plaintiff was an employee at will *(see, Martin v New York Life Ins. Co.,* 148 NY 117) and that defendant's employee policy manual does not contain an express limitation on defendant's right to terminate such employment *(see, Sabetay v Sterling Drug,* 69 NY2d 329; *Murphy v American Home Prods. Corp.,* 58 NY2d 293, 305; *Buffolino v Long Is. Sav. Bank,* 126 AD2d 508, 509; *Collins v Hoselton Datsun,* 120 AD2d 952; *Patrowich v Chemical Bank,* 98 AD2d 318, 322-323, *affd* 63 NY2d 541). Plaintiff's complaint fails to state a cause of action for conversion because defendant's reduction of the redemption price of plaintiff's stock was specifically provided for in the stock purchase agreement, which plaintiff signed on October 10, 1978 and which was in effect upon plaintiff's termination. Plaintiff's separate cause of action for punitive damages is not recognized in New York *(APS Food Sys. v Ward Foods,* 70 AD2d 483, 488). (Appeal from order of Supreme Court, Ontario County, Reed, J.—dismiss complaint.) Present—Callahan, J. P., Doerr, Green, Balio and Davis, JJ.