OPINION OF THE COURT
Raymond E. Cornelius, J.
The defendant, Citibank New York State, N. A., has made a motion, pursuant to CPLR 3013 and 3211 (a) (7), to dismiss the complaint, which consists of three causes of action. The plaintiff, John E. Nicolo, alleges in the first and third causes of action that he has been the subject of an unlawful discriminatory practice, because of sex, by his former employer, the defendant herein. In this regard, section 296 (1) (a) of the Executive Law provides, in relevant part, as follows:
"1. It shall be an unlawful discriminatory practice:
"(a) For an employer * * * because of * * * sex * * * of any individual * * * to discriminate against such individual in compensation or in terms, conditions or privileges of employment.”
The motion to dismiss the first cause of action raises an issue, which has only been addressed on one prior occasion by the courts in the State of New York, and since that time, has been decided differently by several Federal courts. In essence, plaintiff alleges that his immediate supervisor had an intimate relationship with a female employee and attempted to remove plaintiff from his job and replace him with the female employee, in return for sexual favors. Plaintiff further contends that, as a result of the above actions, plaintiff was ultimately terminated from his position as recoveries manager for the defendant corporation.
*113 In Kersul v Skulls Angels (130 Misc 2d 345 [1985]), the court recognized a cause of action for sexual discrimination in an employment situation similar to the factual allegations contained in the first cause of action in the pending case. In this former case, the plaintiff, a female employee and office manager, had been dismissed and replaced with another female employee, with whom the supervisor was alleged to have had a close personal relationship and who had received unwarranted promotions and other benefits. The decision noted that the language of Executive Law § 296 (1) (a) is almost identical to the Federal prohibition against sexual discrimination, as provided for in Civil Rights Act of 1964 (Pub L 88-52, tit VII, § 703; 42 USC § 2000e-2 [a] [1]). The rationale for the decision was, therefore, based, in part, upon the Equal Employment Opportunity Commission’s Guidelines on Discrimination Because of Sex, which were promulgated in 1980. These regulations, which describe the type of situations proscribed by the Civil Rights Act of 1964 title VII, provide, in relevant part, as follows: "Where employment opportunities or benefits are granted because of an individual’s submission to the employer’s sexual advances or requests for sexual favors, the employer may be held liable for unlawful sex discrimination against other persons who were qualified for but denied that employment opportunity or benefit.” (29 CFR 1604.11 [g].) The State court decision, in Kersul v Skulls Angels (supra), was also based, in part, upon two prior Federal court decisions. (See, King v Palmer, 778 F2d 878 [DC Cir 1985]; Toscano v Nimmo, 570 F Supp 1197 [Del 1983].) Pursuant to these precedents, a plaintiff could establish a prima facie case of unlawful sexual discrimination by proof that she was a member of a protected class and a qualified applicant for a promotion, but was rejected in favor of another applicant, and that a sexual relationship between this applicant and supervisory personnel was a substantial factor in the promotion. (King v Palmer, supra.)
Contrary to the above-cited decisions, other Federal courts have held that preferential treatment on the basis of a consensual relationship between a supervisor and an employee does not constitute a cognizable claim, on behalf of another employee, under title VII of the Civil Rights Act of 1964. (See, e.g., Drinkwater v Union Carbide Corp., US Dist Ct, NJ, Apr. 19, 1989; Parrish v English Am. Tailoring Co., US Dist Ct, Md, Dec. 14, 1988; Freeman v Continental Tech. Servs., 710 F Supp 328 [ND Ga 1988]; Handley v Phillips, 715 F Supp 657 [MD Pa *114 1989]; Miller v Aluminum Co., 679 F Supp 495 [WD Pa 1988], affd 856 F2d 184 [3d Cir 1988].) Most of these decisions rely upon DeCintio v Westchester County Med. Center (807 F2d 304 [2d Cir 1986], cert denied 484 US 825 [1987]), and the rationale contained therein. In essence, the Second Circuit Court of Appeals interpreted the applicable provisions of title VII of the Civil Rights Act of 1964 to proscribe discrimination based upon a person’s gender, but not sexual affiliations and, therefore, held that preferential treatment accorded to an employee because of a consensual romantic relationship with a supervisor does not give rise to a cause of action for sexual discrimination on behalf of another employee. The court specifically rejected the holdings in King v Palmer (supra) and Kersul v Skull Angels (supra), to the extent that those cases interpreted title VII as recognizing claims for non-gender-based sexual discrimination.
First, it should be recognized that the applicable statute, in the pending case, is the New York State Human Rights Law (Executive Law § 290 et seq.). Although the language of Executive Law § 296 may be similar to the prohibition against unlawful discriminatory practice in regard to a person’s employment, as defined by Federal legislation, there is nothing precluding a court of this State from making a more expansive interpretation. Nevertheless, this court agrees that the proscription, contained both in the State and Federal statutes, is aimed at discrimination, based upon being a member of a certain class, such as gender. Thus, a plaintiff, in order to properly state a cause of action, must allege that the preferential treatment accorded to another employee, as the result of an intimate relationship with the supervisory personnel, must somehow have resulted in discrimination not only against the individual plaintiff, but other employees of the same gender.
Recently, the Equal Employment Opportunity Commission (EEOC) has issued a notice, entitled "Policy Guidance on Employer Liability under Title VII for Sexual Favoritism”.* Based upon the above-cited Federal decisions, these guidelines indicate that title VII does not prohibit isolated incidents of preferential treatment based upon consensual romantic relationships and, although unfair, does not constitute discrimination against other female or male employees. Nevertheless, this notice also makes reference to the same subsection of the EEOC regulations relied upon in Kersul v Skull Angels (su *115 pra), which has been quoted above (29 CFR 1604.11 [g]), and describes several situations, in which sexual favoritism may give rise to a cause of action under title VII.
In this court’s opinion, and consistent with the position now taken by the EEOC, allegations of sexual favoritism would give rise to a legally sufficient cause of action, pursuant to Executive Law § 296, under certain circumstances. The Supreme Court of the United States, citing the EEOC regulations (29 CFR 1604.11 [a]), has identified two basic types of sexual harassment, which would constitute a violation of title VII of the Human Rights Act: "[S]exual misconduct * * * directly linked to the grant or denial of an economic quid pro quoi, where 'such conduct has the purpose or effect of unreasonably interfering with an individual’s work performance or creating an intimidating, hostile, or offensive working environment.’ ” (Meritor Sav. Bank v Vinson, 477 US 57, 65 [1986].) Thus, in a situation where a policy has evolved, or it is generally understood, that sexual favors by members of one gender will be the quid pro quo for promotions, or other benefits, this court would certainly recognize a cause of action in the favor of employees of the opposite gender, as well as employees of the same gender, who did not wish to submit to such conditions. (Broderick v Ruder, 685 F Supp 1269 [DC 1988].) Likewise, sexual favoritism, which became pervasive to the extent of creating a hostile work environment, would also be actionable. (Priest v Rotary, 634 F Supp 571 [ND Cal 1986].) However, in the pending case, the first cause of action merely alleges an isolated act of sexual favoritism involving one female employee, and without additional allegations, fails to state a cause of action under Executive Law § 296.
As aforementioned, the third cause of action also purports to set forth a claim under Executive Law § 296. Specifically, the plaintiff alleges that the "defendant has sexually discriminated against plaintiff and that actions similar to those cited by defendant for plaintiff’s termination have been committed by female employees who have received only minor discipline therefor”. In an affidavit, submitted in opposition to the motion to dismiss, plaintiff indicates that this third cause of action is based upon his contention that the stated reason for his termination related to the telling of obscene stories, or display of obscene material, for which female employees were not similarly disciplined. The complaint, however, fails to allege these facts, or any other facts, which would support a claim under Executive Law § 296 on such a theory. In order to *116 be legally sufficient, a pleading must contain factual allegations, which indicate the existence of a cause of action, and conclusory statements unsupported by such factual allegations will not be deemed sufficient. (See, Spallina v Giannoccaro, 98 AD2d 103 [4th Dept 1983]; Melito v Interboro-Mutual Ind. Ins. Co., 73 AD2d 819 [4th Dept 1979].) Accordingly, plaintiffs third cause of action should also be dismissed.
Finally, plaintiffs second, and remaining cause of action, in effect, alleges a breach of an oral employment contract. As a general rule, employment for an indefinite term is presumed to be a hiring-at-will and, therefore, may be terminated by either the employer or employee, at any time and for any reason. (Sabetay v Sterling Drug, 69 NY2d 329 [1987]; O’Connor v Eastman Kodak Co., 65 NY2d 724 [1985]; Murphy v American Home Prods. Corp., 58 NY2d 293 [1983].) Furthermore, New York does not recognize a cause of action, in tort, for abusive or wrongful discharge of an employee. (Murphy v American Home Prods. Corp., supra.)
An express limitation on the right to discharge an employee would constitute an express agreement between the parties, which would not be subject to the above rule, and such express limitations are sometimes found to exist in employment manuals or handbooks. (See, Weiner v McGraw-Hill, Inc., 57 NY2d 458 [1982].) In the pending case, the second cause of action incorporates, by reference, a booklet entitled "Working Together” and alleges that plaintiff relied upon representations that procedures, contained therein, would be followed before termination of employment. This booklet contains a section on "Solving Problems”, which includes a corrective action procedure, in regard to employee discipline, and provision for warnings. However, this section also provides as follows: "All staff members are given the opportunity for improvement, except in appropriate cases involving serious violation of standards, policies or the law — when immediate release may be required.” In another section of the booklet, entitled "Leaving Citibank”, a portion is devoted to "Requested resignation and release”, and states, in relevant part, as follows:
"If staff members fail to meet the bank’s standards for work performance, punctuality, attendance or personal conduct, they’ll usually be given an opportunity to improve.
"If a staff member fails to improve or if the problem is so severe that corrective action is impractical — and then only as *117 a last resort — the staff member will be released or asked to resign”. (Emphasis added.)
In the court’s opinion, the language contained in the booklet is not susceptible to being interpreted as establishing a standard, such as just cause, and does not constitute an express limitation upon the defendant’s right to discharge the plaintiff from employment. (Battaglia v Sisters of Charity Hosp., 124 AD2d 987 [4th Dept 1986]; Collins v Hoselton Datsun, 120 AD2d 952 [4th Dept 1986]; Oakley v St. Joseph’s Hosp., 116 AD2d 911 [3d Dept 1986]; Citera v Chemical Bank, 105 AD2d 636 [1st Dept 1984]; cf., Dicocco v Capital Area Community Health Plan, 135 AD2d 308 [3d Dept 1988]; Gibouleau v Society of Women Engrs., 127 AD2d 740 [2d Dept 1987]; Wernham v Moore, 121 AD2d 297 [1st Dept 1986]; Lapidus v New York City Ch. of N. Y. State Assn. for Retarded Children, 118 AD2d 122 [1st Dept 1986]; Tiranno v Sears, Roebuck & Co., 99 AD2d 675 [4th Dept 1984].)
Based upon the foregoing reasons, it is hereby
Ordered that the first and third causes of action are hereby dismissed, without, prejudice, to replead within 20 days after a service of copy of this order, and it is further,
Ordered that the second cause of action is hereby dismissed, with prejudice.

 No. N-915-048, approved Jan. 12, 1990.