OPINION OF THE COURT
Gerard M. Weisberg, J.
While it is clear that a document originally intended as a notice of intention to file a claim may be reclassified under appropriate circumstances as a claim (see, e.g., Jacobs v State of New York, 129 AD2d 772), the issue before us is whether it may be so construed by the defendant. If not, we must then decide whether a motion to dismiss lies against a notice of intention.
Claimant filed with the clerk of this court, and served the *525 defendant with, a one-paragraph document entitled a "Notice of Claim” on, respectively, February 13 and 14, 1990. It provides generally that on October 3, 1989, claimant was arrested as a result of untrue and frivolous charges brought against him by a State employee, all of which were dismissed on November 16, 1989. It also states "The claimant herein files a claim against the State of' New York in the sum not to exceed ten million ($10,000,000.00) dollars, for malicious prosecution, false arrest, false imprisonment, defamation of character, assault and battery, infliction of mental anguish and distress, abuse of process, [and] violation of the civil and constitutional rights.” The clerk’s office construed this as a claim and assigned it a claim number. Claimant responded to the clerk, in a letter dated March 28, 1990, that the filed document was intended to be a notice of intention and not a claim.
Defendant moves to dismiss pursuant to CPLR 3211. 'The motion is based on two theories: That the claim is untimely and that it fails to plead sufficient facts to state a cause of action. In response, claimant reiterated, among other things, that the filing was intended only as a notice of intention. He also cross-moved for leave to file an amended claim, or notice of intention, depending on how we construed his original filing.
The purpose of a notice of intention is to apprise the defendant that a claim may be interposed in the future. (See, Spinella v State of New York, NYLJ, Apr. 20, 1988, at 13, col 1.) While notices of intention have been reclassified as claims (see, e.g., Jacobs v State of New York, 129 AD2d 772, supra), it has only been done at the claimant’s request, where the time to file a claim has otherwise expired and the notice can stand, in its own right, as a claim. (See, e.g., Liberty Mut. Ins. Co. v State of New York, 121 AD2d 694.) In this manner, the claimant’s day in court is preserved without prejudicing the defendant.
Here, however, the claimant intended the document to be a notice of intention. For whatever reasons, he has not yet decided to sue the State and may never elect to do so. While a filing which purports to be a claim may be treated as such by the Attorney-General (see, Patterson v State of New York, 54 AD2d 147, affd on opn below 45 NY2d 885), where, as here, the claimant has consistently maintained that the paper is a notice of intention, in the absence of prejudice we see no basis nor reason to convert it to a claim and thereby compel *526 claimant into suit. This is even more so inasmuch as this notice, in the State’s view, is defective as a claim. (See, Pappalardo v State of New York, 109 AD2d 873.)
For much the same reason, a motion to dismiss does not lie against a notice of intention. A motion pursuant to CPLR 3211 (a) is directed against "asserted” causes of action. A notice of intention asserts nothing. It only provides that a claim may be asserted in the future. (Garr v State of New York, 102 Misc 2d 350.) Similarly, it is not a pleading, may not therefore be amended, and need not allege all the elements of a cause of action. (De Hart v State of New York, 92 Misc 2d 631.) To dismiss it pursuant to CPLR 3211 (a) (7) would be a contradiction in terms: one cannot dismiss a notice of intention for failing to state a cause of action when it is not required to allege one.
For the foregoing reasons, the motion is denied. It should be noted that we have not passed on the timeliness nor sufficiency of the allegations contained in the notice of intention (see, Pappalardo v State of New York, 109 AD2d 873, supra) nor the defenses asserted in the motion.