■ DANIEL S. DeBLASIO, Respondent, v NORTH SHORE UNIVERSITY HOSPITAL, Appellant. [624 NYS2d 263] —In an action to recover damages for libel, the defendant appeals from an order of the Supreme Court, Nassau County (Winick, J.), dated October 21, 1993, which denied its motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action against the defendant to recover damages for libel based on statements made by the defendant in a press release it issued on January 24, 1992, to the general public and the news media. The press release stated, in pertinent part, as follows: "Of nine women being treated for cervical and endometrial cancer with a technique called brachytherapy, three received varying doses of radiation above the standard range. Immediately after the situation was discovered by another North Shore physician, the personnel involved were relieved of all patient care responsibilities".

"Whether particular words are defamatory presents a legal question to be resolved by the court in the first instance" (Aronson v Wiersma, 65 NY2d 592, 593). The Supreme Court correctly found the statements made by the defendant in its press release to be reasonably susceptible of a defamatory meaning since a statement is actionable if it disparages a person in his profession (see, Aronson v Wiersma, 65 NY2d 592, 594, supra; Kraus v Brandstetter, 167 AD2d 445). Therefore, the Supreme Court properly denied the defendant's motion seeking dismissal of the complaint as it sufficiently stated a cause of action for libel per se.

We reject the defendant's contention that the press release could not be interpreted to concern the plaintiff. It is well settled that " '[w]here the person defamed is not named in a defamatory publication, it is necessary, if it is to be held actionable as to him, that the language used be such that persons reading it will, in the light of the surrounding circumstances, be able to understand that it refers to the person complaining' " (Giaimo v Literary Guild, 79 AD2d 917). The plaintiff alleged in his complaint that he was one of a handful of doctors prescribing brachytherapy treatment, a special kind of radiation treatment for cancer, in 1990 to 1991 at North Shore University Hospital and that he was terminated from the hospital staff approximately two months before the press

release was issued. Under these circumstances, a person reading the press release could interpret it to mean that the personnel relieved of their duties because of the overdosage of radiation included the plaintiff.

We have examined the defendant's remaining contentions and find them to be without merit. Lawrence, J. P., Pizzuto, Joy and Altman, JJ., concur.