■ In the Matter of PETER T. FELLA, Respondent, v COUNTY OF ROCKLAND et al., Appellants. [747 NYS2d 588]

The petitioner was suspended without pay for a period of 30 days from his position as the Rockland County Commissioner of Hospitals as the result of a complaint filed by an employee under the Rockland County Equal Employment Opportunity Policy (hereinafter the EEOP). The complaint alleged that the petitioner violated the EEOP by appointing a member of his staff with whom he was having a romantic relationship to fill the position of a retiring assistant director of nursing. The employee who filed the EEOP complaint had also been a candidate for the position.

After an investigation, the Rockland County Director of Employee Rights and Equity Compliance (hereinafter the Director) issued a report which concluded that the petitioner's promotion of an employee with whom he had a personal relationship created a hostile work environment. The Director found that some employees experienced disparate treatment due to the petitioner's romantic relationship with a co-employee and that the public nature of the relationship caused some employees to feel uncomfortable, and interfered with the performance of their job duties. C. Scott Vanderhoef, the County Executive, adopted the Director's findings and concluded that the petitioner's promotion of a subordinate with whom he had a personal relationship created a hostile work environment in violation of the EEOP.

The petitioner commenced this proceeding to review the determination and, inter alia, to recover lost salary and benefits. The Supreme Court concluded that the petitioner's conduct in promoting his paramour may have constituted poor judgment, and may subject him to discipline on other grounds, but did not constitute sexual discrimination prohibited by the EEOP. As the County failed to establish that this single instance of alleged sexual favoritism was punishable under the EEOP, the court annulled the determination and remitted the matter to the County for further proceedings. We affirm.

The relevant provisions of the EEOP prohibit discrimination in hiring and promotion on the basis of gender or sex or sexual orientation; encourage advancement for qualified individuals regardless of gender or sex or sexual orientation, and further, provide that employment decisions shall be made on the basis of merit, fitness, and equality of opportunity and without discrimination on the basis of gender or sex or sexual orientation. The EEOP further provides that sexual harassment is a form of employment discrimination based on gender. Sexual harassment is defined, in part, as unwelcome sexual advances, requests for sexual favors, sexual demands or conduct of a sexual nature which "has the purpose or affect of unreasonably interfering with an [affected] person's work performance or creating an intimidating, hostile or offensive work environment."

Under state and federal law, a claim of sexual discrimination does not lie where the conduct complained of by the employee involves an isolated act of preferential treatment of another employee due to a romantic, consensual relationship (*see DeCintio v Westchester County Med. Ctr.*, 807 F2d 304, *cert denied* 484 US 825; *see also Nicolo v Citibank N.Y. State,* 147

Misc 2d 111; *Drinkwater v Union Carbide Corp.,* 904 F2d 853; *Burgess v Gateway Communications,* 26 F Supp 2d 888; *Thomson v Olson,* 866 F Supp 1267, *affd* 56 F3d 69). "[P]referential treatment, favoritism, and cronyism, while unjust and unfair, do not constitute sexual discrimination" (*Burgess v Gateway Communications, supra* at 893). Although the County suggests that the provisions of the EEOP are broader than state and federal law, it failed to establish that the terms of the EEOP prohibit the conduct at issue here.

A claim of sexual harassment may proceed on the theory that the discriminatory conduct was so pervasive as to alter the conditions of the victim's employment, that is, a hostile work environment theory, or on the theory that unwelcome sexual advances or other sexual conduct was the quid pro quo for promotions and other benefits (*see Baliva v State Farm Mut. Auto. Ins. Co.,* 286 AD2d 953; *Mauro v Orville,* 259 AD2d 89; *Matter of Father Belle Community Ctr. v New York State Div. of Human Rights,* 221 AD2d 44). Here, there is no evidence that the petitioner discriminated against employees on the basis of gender or that he made unwelcome sexual advances or demands on employees (*see Nicolo v Citibank N.Y. State, supra*; *Carrero v New York City Hous. Auth.,* 890 F2d 569; *Burgess v Gateway Communications, supra*).

Accordingly, the finding that the petitioner created a hostile work environment in violation of the EEOP was arbitrary, capricious, and without a rational basis, and was therefore properly annulled (*see generally Matter of Pell v Board of Educ.,* 34 NY2d 222).

In view of our determination, it is unnecessary to reach the issue of whether the Director, in investigating the complaint, failed to follow the procedures set forth in the EEOP. Altman, J.P., Florio, O'Brien and H. Miller, JJ., concur.