(October 12, 1993)

■ CHRISTOPHER ARSENAULT, Respondent, v BETTY FORQUER, Individually and as Chair of the Port Washington Water District, Appellant, et al., Defendant. [602 NYS2d 653] —In an action to recover damages for libel and for wrongful discharge from employment, the defendant Betty Forquer, individually, and as Chair of the Port Washington Water District, appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), dated April 2, 1991, as denied her cross motion for summary judgment dismissing the complaint in its entirety.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, and the complaint is dismissed.

On July 5, 1988, the plaintiff entered into an employment agreement with the defendant Port Washington Water Dis-

trict (hereinafter PWWD) as a water service trainee. The plaintiff's employment was governed by the rules of the Nassau County Civil Service Commission (hereinafter the Commission), providing that PWWD trainees undergo a 26-week probationary period during which, upon proper notice, they could be discharged for unsatisfactory conduct or performance, and by the terms and conditions of a collective bargaining agreement, providing for a six-month probationary period during which employees could be disciplined or discharged without recourse. At a special meeting on January 3, 1989, the PWWD discharged the plaintiff, effective January 11, 1989, and he was so informed by letter signed by the appellant. Service of the dismissal letter on the plaintiff on January 3, 1989, complied with the one-week notice requirement set forth in Rule XVII of the Commission. Moreover, on December 22, 1988, approximately two weeks before the end of the plaintiff's probationary period, the necessary forms, a probationary report (CS-14), and a report of personnel action (CS-39M), were prepared and filed with the Commission, as required by the Commission's rules.

On August 23, 1989, the plaintiff commenced the instant action against the PWWD and against its Chair, the appellant herein, alleging two causes of action. In December 1990 the appellant cross-moved for summary judgment on the first cause of action to recover damages for wrongful discharge from employment, on the ground that the plaintiff was "discharged legally and within the parameters of the civil service laws of the State of New York". The court held that by merely alleging that the plaintiff had been discharged by proper procedures, the appellant had failed to eliminate all material issues of fact and was thus not entitled to summary judgment. We disagree.

Under the applicable civil service rules and the terms and conditions of the collective bargaining agreement between the parties, both of which governed the plaintiff's probationary term of employment, the plaintiff was lawfully discharged from his probationary position and has no recourse therefor. Since the PWWD complied with all of the applicable rules, provisions, and proper procedures, including notice requirements, pertinent to the discharge of probationary employees, the court erred in holding that there were remaining factual issues to be determined. Consequently, the court should have granted summary judgment dismissing the first cause of action (see, Alvarez v Prospect Hosp., 68 NY2d 320, 325; Wine-

*grad v New York Univ. Med. Ctr.,* 64 NY2d 851, 852; *Zuckerman v City of New York,* 49 NY2d 557, 562).

The second cause of action, as supplemented by a bill of particulars, alleges that two letters issued in August 1988, and published between August 11 and August 30, 1988, damaged the plaintiff's personal and professional reputation. The appellant sought dismissal of the second cause of action, sounding in libel, as barred by the applicable one-year statute of limitations (CPLR 215 [3]). The court held that it was unclear whether that cause of action was untimely interposed.

Again, the court was in error. The plaintiff's papers actually allege that the first letter, which was dated August 11, 1988, was published on August 11, 1988, and at no other time, to unspecified friends, relatives, and fellow employees. Consequently, not only was the letter published more than one year before the commencement of the action on August 23, 1989, but the plaintiff has failed to allege the specific persons to whom the letter was published and the manner of its publication, as required *(see, e.g., Buffolino v Long Is. Sav. Bank,* 126 AD2d 508, 510; *Alanthus Corp. v Travelers Ins. Co.,* 92 AD2d 830; *Geddes v Princess Props. Intl.,* 88 AD2d 835).

Regarding the second letter, which may have been published some time between August 11, 1988, and August 30, 1988, the plaintiff fares no better, as he has failed to lay bare his proof as to the publication date of that letter (CPLR 3212 [b]). The aforementioned cases require that the specifics of all three component parts of the publication, *i.e.,* its time, manner, and audience, must be alleged in order for a cause of action sounding in libel to succeed. Further, the allegedly defamatory language quoted in the complaint which appeared in the first letter was deleted from the second letter, making its libelous nature suspect in the first instance.

In view of our determination, we need not reach the appellant's remaining issues. Bracken, J. P., Balletta, Eiber and Copertino, JJ., concur.