■ PATRICK V. STOLMEIER et al., Respondents, v GARY I. FIELDS et al., Appellants. [721 NYS2d 313] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered January 12, 2000, which, in an action for legal malpractice, denied defendants' respective motions for summary judgment dismissing the second amended verified complaint, unanimously reversed, on the law, without costs, the motions granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

Plaintiffs Patrick V. Stolmeier and NJS Inc., as assignee of PVS Inc., which corporations are both wholly-owned and controlled by Stolmeier, allege that defendants committed legal malpractice in drafting, amending and arranging the assignment of a home improvement contract by which plaintiffs were to make improvements to a residential apartment in the City of New York owned by Kent and Hedy Klineman.

In earlier litigation between the Klinemans and NJS, it was held that NJS had no legal right to enforce the agreement with the Klinemans, inasmuch as (1) the contractor had no home improvement contractor (HIC) license at the time the agreement was entered into (see, Administrative Code of City of NY § 20-387 [a]; Blake Elec. Contr. Co. v Paschall, 222 AD2d 264, 266); (2) the contract was not effectively ratified by the Klinemans after the contractor obtained the necessary license; and (3) the contract was assigned from PVS to NJS before NJS had obtained an HIC license. This malpractice action ensued.

The alleged malpractice is counsel's initial failure to advise Stolmeier of the requirement that his corporation have a home improvement contractor license before beginning such work; counsel's failure to ensure that the subsequent amendment of the Klineman contact constituted an effective ratification of the prior contract so as to entitle the contractor to enforce it; and

counsel's failure to ensure that the assignment of the contract to NJS was done properly.

For the following reasons, each claimed basis of liability must be dismissed as a matter of law.

The claim that plaintiffs were injured as a result of defendants' failure to advise Stolmeier of the need for an HIC license is belied by overwhelming evidence, including Stolmeier's own deposition testimony that he was aware, prior to the Klineman contract, that New York City required home improvement contractors to be licensed. We find incredible as a matter of law Stolmeier's assertion that he nevertheless believed that this requirement applied only to subcontractors and not to a general contractor. Stolmeier was plainly a sophisticated home improvement professional at all relevant times, with many years of experience in the building trades in New York City and elsewhere, who had served as general contractor on other substantial home improvement jobs. Indeed, he had obtained licenses in other jurisdictions where he previously worked as a home improvement contractor, including Washington State and Southampton, Long Island.

Because Stolmeier must be deemed to have been aware, prior to entering into the Klineman contract, that PVS was required to hold an HIC license in order to perform home improvement work in New York City, any failure by defendants to advise him that the license requirement applied to PVS prior to the execution of the Klineman contract was not, as a matter of law, the proximate cause of the losses resulting from PVS's entry into the contract while it was unlicenced (see, Levine v Lacher & Lovell-Taylor, 256 AD2d 147, 149).

With respect to defendants' handling of the assignment of the Klineman contract from PVS to NJS, while defendant Fields handled the incorporation of NJS in August 1990 with the awareness that the new corporation was intended to eventually take an assignment of the Klineman contract from PVS, nothing in the record contradicts Fields's testimony that he specifically advised Stolmeier in August 1990 not to have NJS take over performance of the Klineman contract until NJS had obtained an HIC license. No evidence indicates that defendants' assistance in regard to the assignment included advising that it occur prior to obtaining the necessary documentation. The October 19, 1990 letter by defendant Fields recommending the assignment "at the earliest possible date" is not to the contrary. Moreover, since it is conceded that by August 1990 plaintiffs knew of the HIC license requirement, plaintiffs cannot be heard to claim that they acted in accordance with

defendants' advice in proceeding with the assignment without regard to whether a license was first obtained for NJS. There is nothing in plaintiffs' evidence reflecting that counsel's conduct in relation to the assignment was improper.

In the absence of any evidence that defendants committed any malpractice in advising plaintiffs concerning the assignment of the Klineman contract from PVS to NJS, defendants are entitled to summary judgment dismissing the complaint insofar as it is based on the allegation of malpractice in connection with that assignment.

The impropriety in the assignment process was solely attributable to plaintiffs. As has already been determined in the prior proceeding between NJS and the Klinemans, despite the written assignment executed by Stolmeier on behalf of both corporations on January 18, 1991 the Klineman contract had in fact been assigned to NJS as of August 1990, inasmuch as beginning at that time, NJS, rather than PVS, began receiving substantial payments from the Klinemans and paying laborers on its payroll for labor upon the Klineman project.

Plaintiffs contend that this determination, made in the context of the litigation between the Klinemans and NJS, should not be treated as an established fact here under the doctrine of collateral estoppel, because it was an unnecessary finding, gratuitously made by the assigned Special Referee, whose task had merely been to determine whether the Klinemans had effectively ratified the prior contract. However, the order of reference specifically refers for hearing both issues, namely whether the clients knowingly ratified the prior PVS contract and whether NJS took over the contract prior to that time. The issue was therefore squarely presented, hotly litigated, and material to the ultimate question of whether NJS could properly enforce its right to payment against the Klinemans. This establishes the elements of collateral estoppel (*see, Geraci v Bauman, Greene & Kunkis*, 171 AD2d 454, *appeal dismissed* 78 NY2d 907).

Since the assignment of the contract from PVS to NJS had already been effectuated by August 1990, any failure on the part of defendants to ensure that the Klinemans effectively ratified their original contract with PVS was immaterial, since in any event plaintiffs would not have been entitled to a money judgment against the Klinemans but for defendants' alleged failure (*see, Franklin v Winard*, 199 AD2d 220). Even a valid ratification following issuance of an HIC license to PVS would not have rendered the agreement enforceable, when the agreement had already been assigned to NJS. NJS's own conduct in

effectively taking premature assignment of the Klineman contract became the sole proximate cause of its inability to enforce the home improvement contract.

We have considered plaintiffs' remaining contentions and find them to be without merit. Concur—Tom, J. P., Ellerin, Rubin, Saxe and Buckley, JJ.