(February 22, 2001)

■ BRIAN A. TRAVIS, Appellant, v ALLSTATE INSURANCE COMPANY, Respondent. [720 NYS2d 499] —Order, Supreme Court, New York County (Paula Omansky, J.), entered November 24, 1999, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs or disbursements, the motion for summary judgment denied and the complaint reinstated.

In this action for wrongful refusal to pay an insurance claim, defendant moved to dismiss the cause of action for breach of contract* on the ground that plaintiff failed to comply with the policy requirement that he submit a sworn proof of loss within 60 days of a demand therefor. Plaintiff maintained that defendant had led him to believe that it would not require strict compliance with the 60-day rule and argued that defendant had therefore waived this requirement and was estopped from enforcing it. The IAS Court granted summary judgment, holding that plaintiff's opposition to the motion—a memorandum of law without any supporting affidavit from plaintiff—was insufficient to defeat summary judgment since he had failed to set forth his allegations in evidentiary form. We reverse.

"A verified pleading is the equivalent of a responsive affida-

---

* The parties had previously stipulated that the remaining four causes of action be discontinued.

vit for purposes of a motion for summary judgment." (*Hladczuk v Epstein*, 98 AD2d 990; *see also*, CPLR 105 `[u].) Here, the amended verified complaint, verified by plaintiff, contained all of the factual allegations referred to in the memorandum of law and relied on to oppose defendant's motion. (*Cf.*, *Arcadian Painting & Decorating Corp. v Helmer Cronin Constr.*, 229 AD2d 896.)

Specifically, plaintiff alleged that, by separate letters dated December 6, 1996, defendant advised him of the requirement that he submit a sworn proof of loss within 60 days and asked him to appear for an examination under oath on January 7, 1997. On January 1, 1997, plaintiff broke his leg and telephoned defendant's attorney to reschedule the examination. During that conversation, well within the 60-day period in which the proof of loss was required, plaintiff informed defendant's counsel that he was having difficulty understanding the proof of loss form. After assuring plaintiff that the examination would be rescheduled, defendant's attorney advised plaintiff to bring the claim form to the examination and offered to help him fill it out at that time. Plaintiff further alleged that while the examination was thereafter adjourned for both parties' convenience, this offer of assistance was not rescinded, nor was there any indication that submission of proof of loss was required prior to the adjourned date. Finally, in a letter dated April 11, 1997, after an examination set for April 9 had been canceled one day before it was to take place, defendant disclaimed coverage on the ground, *inter alia*, that he had not filed proof of loss within 60 days.

These factual averments are sufficient to create a question of fact as to whether defendant waived the 60-day time limit or should be estopped from asserting it. (*See*, *Pedrick v Commercial Union Ins. Co.*, 132 AD2d 980.) In that case, defendant's counsel told plaintiff to wait until all the items claimed to be lost in a burglary were valued before submitting proof of loss. In finding a question of fact as to waiver or estoppel, the Court held that counsel "may have lulled [plaintiff] into believing that the proof of loss did not have to be submitted within a particular time." (*Id.*)

In arguing that it has not waived the proof of loss requirement, defendant mistakenly relies on the policy provision regarding "Coverage Changes," which provides that "the policy can be changed only by endorsement." This provision, by its own terms, relates to a "broaden[ing of] coverage." Conduct or statements on the part of defendant which waive a time limit do not come within the meaning of that provision. Concur—Sullivan, P. J., Nardelli, Williams, Tom and Friedman, JJ.