■ Teresa Sanchez, Appellant, v National Railroad Passenger Corp. et al., Respondents, et al., Defendant. [939 NYS2d 379]—

Plaintiff's complaint, filed February 6, 2008, seeks damages for injuries she sustained from a fall that allegedly occurred on February 10, 2005, while she was doing cleaning work at Penn Station. Defendant moved for summary judgment, dismissing the complaint as time-barred. It was defendant's position that the accident occurred on February 5th not February 10th. In support, defendant submitted an affidavit by Angela Mendez, plaintiff's supervisor in February 2005. Mendez stated that it was her job at the time to keep an attendance log for all employees who worked plaintiff's shift. Attached to Mendez's affidavit were three exhibits: (1) a supervisor's report of injury completed by Mendez on February 6, 2005; (2) an employer's

report of a work related accident/occupational disease on February 5, 2005 (form C-2); and (3) the payroll timesheet for the first week in February 2005. The three documents, generated within days of plaintiff's accident, are consistent as to the decisive fact on the motion, that plaintiff was injured at work on February 5, 2005.

Mendez stated that in February 2005, plaintiff worked five days a week (Saturday, Sunday, Monday, Tuesday, and Wednesday), and was off on Thursdays and Fridays. The payroll timesheet demonstrates that plaintiff worked on both Saturday, February 5 and Sunday, February 6, 2005, but not on Thursday, February 10, 2005. At her deposition, plaintiff testified that she could not remember the exact date of her accident. However, her testimony was clear that she reported the incident to her supervisor on the day after it occurred, which is consistent with the February 6, 2005 reporting date referenced in Mendez's exhibits.

Contrary to plaintiff's initial argument in opposition to summary judgment, that the documentary evidence submitted with Mendez's affidavit was inadmissible hearsay, her own deposition testimony and the supervisor's affidavit provide an adequate foundation for a finding that the report and payroll documents were prepared in the ordinary course of business, pursuant to the supervisor's business duty to do so, and within a reasonable time after the accident (CPLR 4518 [a]; *see Zuluaga v P.P.C. Constr., LLC*, 45 AD3d 479, 480 [2007]).

Plaintiff's complaint fails to raise a question of fact as to whether the accident occurred, as she contends, on February 10, 2005. It conflicts with unequivocal documentary evidence, completed within days of plaintiff's accident by an objective third party, that the accident occurred on February 5th, rendering the action time-barred. Plaintiff's deposition testimony is similarly insufficient to raise a triable issue of fact since it is both equivocal and self-contradictory as to the date of the accident (*see e.g. Garcia-Martinez v City of New York*, 68 AD3d 428, 429 [2009]). The totality of plaintiff's submissions create only a feigned issue of fact, and they are therefore insufficient to defeat defendant's motion.

In sum, plaintiff's naked allegation, in her pleadings, that her accident occurred on February 10, 2005, is insufficient, as a matter of law to refute the objective admissible documentary evidence conclusively establishing that the accident occurred on February 5th. No credibility determinations need be made to reach this conclusion.

We have considered plaintiff's remaining contentions and find

them unavailing. Concur—Gonzalez, P.J., Andrias and Richter, JJ. DeGrasse and Abdus-Salaam, JJ., dissent in a memorandum by DeGrasse, J., as follows:

DeGrasse, J. (dissenting). I respectfully dissent. This motion was made pursuant to CPLR 3211 (a) (5) and 3212 on the ground that this action is time-barred. The specific issue is whether plaintiff's accident occurred on February 5, 2005, as defendants contend, or on February 10, 2005, as plaintiff alleges. In the complaint and bill of particulars, which plaintiff herself verified in January and April 2008 respectively, the date of occurrence is recited as February 10, 2005. Nevertheless, the motion court granted the motion mostly on the basis of an accident report that was prepared by plaintiff's employer.

Citing CPLR 105 (u), this Court has held on a number of occasions that a verified pleading is the statutory equivalent of a responsive affidavit for purposes of a motion for summary judgment (*see e.g. Talansky v Schulman*, 2 AD3d 355, 361 n 6 [2003]; *Travis v Allstate Ins. Co.*, 280 AD2d 394, 394-395 [2001]). Accordingly, the verified complaint and bill of particulars suffice to raise an issue of fact as to the date of the occurrence.

As stated in defendants' brief, plaintiff "expressed great uncertainty" as to the date of the accident when deposed in August 2009. That uncertainty at the deposition does not invalidate plaintiff's verified pleading as the statutory equivalent of an affidavit. Moreover, a lapse of memory four years after an occurrence is hardly unusual and does not eliminate an existing issue of fact. The majority improperly engages in a credibility determination by rejecting plaintiff's verified pleadings simply because they conflict with documents generated by her employer. On a motion for summary judgment, a court's function is issue finding, not issue determination (*see Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957]). Issues of credibility are best resolved by the trier of fact (*see S.J. Capelin Assoc. v Globe Mfg. Corp.*, 34 NY2d 338, 340 [1974]). I therefore disagree with the majority's conclusion that plaintiff failed to raise an issue of fact as to when the accident occurred. I would reverse the order entered below and remand this matter for an immediate trial on the issue of when the cause of action accrued (*see* CPLR 3211 [c]; 3212 [c]).