[988 NE2d 511, 965 NYS2d 775]

TERESA SANCHEZ, Appellant, v NATIONAL RAILROAD PASSENGER CORP., Doing Business as AMTRAK, Respondent, et al., Defendant.

Argued March 21, 2013; decided April 25, 2013

### APPEARANCES OF COUNSEL

*Arnold E. DiJoseph, P.C.*, New York City (*Arnold E. DiJoseph, III*, of counsel), for appellant.

*Jeffrey Samel & Partners*, New York City (*David Samel* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed, with costs, and plaintiff's complaint reinstated.

Most personal injury claims are governed by a three-year statute of limitations (*see* CPLR 214 [5]). Plaintiff has alleged that she was injured while working at Penn Station on February 10, 2005. She commenced this negligence action against defendant National Railroad Passenger Corp. (Amtrak) and another entity on February 6, 2008. Amtrak responded with an affidavit by plaintiff's supervisor and purported business documents indicating that the accident occurred on February 5, 2005. Based on that evidence, Amtrak moved for summary judgment dismissing the complaint on the ground that plaintiff's action was filed one day after the limitations period expired. Plaintiff, in turn, relied on the facts asserted in her complaint and bill of particulars. Both pleadings were verified by plaintiff and she attested in her bill of particulars that the accident happened "on February 10, 2005 at or about 2:30 p.m." Additionally, plaintiff submitted records pertaining to her workers' compensation claim, all of which listed February 10, 2005 as the date of the incident.

Supreme Court granted Amtrak's motion and dismissed the complaint. The Appellate Division affirmed, concluding that the assertions in plaintiff's verified pleadings were insufficient to refute Amtrak's proof that the accident date was February 5, 2005 (*see* 92 AD3d 600 [1st Dept 2012]). Two dissenting Justices would have denied summary judgment because the verified pleadings raised an issue of fact regarding the date plaintiff sustained her injuries. Plaintiff now appeals as of right.

We agree with the dissenting Justices that summary judgment is not warranted. Although Amtrak tendered sufficient evidence to establish a prima facie showing of its entitlement to judgment as a matter of law based on the expiration of the statute of limitations (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]), plaintiff proffered sufficient proof of a material issue of fact as to the date of injury. CPLR 105 (u) allows the verified complaint and bill of particulars to be considered as affidavits (*see e.g. Travis v Allstate Ins. Co.*, 280 AD2d 394, 394-395 [1st Dept 2001]). In those documents,

plaintiff specifically recalled that she was injured on February 10, 2005, which would render this case timely commenced. The conflicting proof pertaining to the incident date presents a question of fact that cannot be resolved in the context of a summary judgment motion. Consequently, Amtrak's motion must be denied and plaintiff is entitled to reinstatement of the complaint.

SMITH, J. (dissenting). I would affirm the Appellate Division's order. The record, read as a whole, does not present a genuine issue of fact as to the date of the accident. While plaintiff's complaint alleged a February 10 accident date, plaintiff admitted at her deposition that she did not remember what day the accident happened. Thus, she failed to show that she could present proof, admissible at trial, that it happened on February 10.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, PIGOTT and RIVERA concur; Judge SMITH dissents and votes to affirm in an opinion.

Order reversed, with costs, and plaintiff's complaint reinstated, in a memorandum.