■ Abe Jeremias et al., Appellants, v Bernd H. Allen, Esq., et al., Respondents, et al., Defendant. [44 NYS3d 755]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered July 14, 2015, which, to the extent appealed from as limited by the briefs, granted the motion by the attorney defendants for summary judgment dismissing the malpractice complaint against them, unanimously affirmed, without costs.

The attorney defendants represented plaintiffs in a commercial real estate transaction whereby plaintiffs took an assignment of a purchase and sale agreement that involved a commercial building. Defendants established their prima facie

entitlement to summary judgment through documentary evidence and deposition testimony that demonstrated that plaintiffs' claimed damages, in the form of lost rent and building revenue attributable to a primary commercial tenant's lease having expired just days before the closing on the assignment, were not proximately caused by defendants' alleged negligence in failing to properly conduct due diligence on the transaction or in failing to procure renewal leases or estoppel certificates from existing tenants or upon counsel's purported representations to secure renewal leases.

Rather, the sole cause of the damages was shown to result from the sophisticated plaintiffs-investors' informed choice to take the calculated risk of closing on the assignment transaction prior to procuring a renewal lease from the primary tenant, whose governing body subsequently chose not to enter into a renewal lease (see *Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP*, 26 NY3d 40 [2015]; *Stolmeier v Fields*, 280 AD2d 342 [1st Dept 2001], *lv denied* 96 NY2d 714 [2001]).

The burden having shifted on the motion, plaintiffs failed to raise a triable issue as to the proximate cause element. Concur—Friedman, J.P., Renwick, Richter, Moskowitz and Kapnick, JJ.