180 Ludlow Dev. LLC v Olshan Frome Wolosky LLP (2018 NY Slip Op 07255)





180 Ludlow Dev. LLC v Olshan Frome Wolosky LLP


2018 NY Slip Op 07255


Decided on October 30, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2018

Sweeny, J.P., Gische, Mazzarelli, Webber, Kahn, JJ.


7375 651473/13

[*1]180 Ludlow Development LLC, Plaintiff-Appellant,
v
Olshan Frome Wolosky LLP, Defendant-Respondent.


Pryor Cashman LLP, New York (Todd B. Marcus and Lauren B. Cooperman of counsel), for appellant.
Landman Corsi Ballaine & Ford, P.C., New York (Stephen Jacobs of counsel), for respondent.



Order, Supreme Court, New York County (Debra A. James, J.), entered August 23, 2017, which, insofar as appealed from as limited by the briefs, granted defendant law firm's cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Although "[a] verified pleading is the equivalent of a responsive affidavit for purposes of a motion for summary judgment" (Travis v Allstate Ins. Co., 280 AD2d 394, 394-395 [1st Dept 2001] [internal quotation marks omitted]), here, the verified complaint does not say who at plaintiff instructed Hyman Kindler of defendant to draft a zoning lot development and easement agreement (ZLDA) that would ensure that construction of plaintiff's cantilever would not place the adjoining property in violation of the Building Code, nor does it say when plaintiff gave Kindler instructions. Thus, it is lacking in evidentiary detail (see e.g. Gulf Ins. Co. v Transatlantic Reins. Co., 69 AD3d 71, 94 [1st Dept 2009]; compare Travis at 395).
It is true that, for defendant "to limit the scope of its representation, it had a duty to ensure that [plaintiff] understood the limits of its representation" (Genesis Merchant Partners, L.P. v Gilbride, Tusa, Last & Spellane, LLC, 157 AD3d 479, 482 [1st Dept 2018]). However, in Genesis, there was an issue of fact because the parties submitted conflicting affidavits (see id.). By contrast, plaintiff did not submit its own affidavit (as opposed to an expert's affidavit) in opposition to defendant's cross motion for summary judgment, and, as noted, its verified pleading lacks some of the requisite evidentiary details. Moreover, the evidence in the record, including a June 25, 2007 email from one of plaintiff's consultants, supports defendant's assertion that it was merely the transactional lawyer on plaintiff's team, and it is undisputed that plaintiff had separate zoning/land use counsel.
Even if the parties' conflicting expert affidavits created an issue of fact as to whether defendant was negligent in its representation (see generally Cassagnol v Williamsburg Plaza Taxi, 234 AD2d 208, 210 [1st Dept 1996]), that is only one element of malpractice (see Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP, 26 NY3d 40, 49 [2015]). Another required element is that the attorney's breach of the duty to exercise the ordinary skill and knowledge possessed by members of the legal profession "proximately caused plaintiff to sustain actual and ascertainable damages" (id. [internal quotation marks omitted]).
While proximate cause is generally a question for the factfinder (see e.g. Hain v Jamison, 28 NY3d 524, 529 [2016]), it can, in appropriate circumstances, be determined as a matter of law (id.; see also Jeremias v Allen, 146 AD3d 623, 623-624 [1st Dept 2017]; DiPlacidi v Walsh, 243 [*2]AD2d 335 [1st Dept 1997]). This is one of these cases, inasmuch as plaintiff's damages were caused by its failure to keep defendant informed and its unilateral decision that a cantilever over a windowed courtyard constituted a violation as defined in the ZLDA.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 30, 2018
CLERK